

FILED
NOV 19 2012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LAWRENCE RAILE,<br>Plaintiff,<br><br>v.<br><br>THE BRACHFELD LAW GROUP, PC,<br>AND LVNV FUNDING, LLC,<br><br>Defendants. | Case No. 12-5084<br><br>**COMPLAINT** |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Lawrence Raile ("Plaintiff"), is a natural person who at all relevant times resided in the State of South Dakota, County of Meade, and City of Piedmont.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, The Brachfeld Law Group, PC ("Brachfeld"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant, LVNV Funding, LLC ("LVNV"), is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to c ollect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Brachfeld and LVNV (collectively, "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Brachfeld.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Brachfeld, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. The alleged obligation arises from a personal Chase Bank U.S.A., N.A. credit card used for consumer purchases such as gasoline and groceries (the "Debt").

12. Brachfeld uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. LVNV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. LVNV acquired the Debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15. LVNV is thoroughly enmeshed in the debt collection business, and LVNV is a significant participant in Brachfeld's debt collection process.

16. Prior to July 2012, in connection with the collection of the Debt, Brachfeld, itself and on behalf of LVNV, began placing calls to Plaintiff's residence.

17. Plaintiff sent Brachfeld written communication dated July 30, 2012, and in such communication, demanded that Brachfeld cease and desist from all further communication with Plaintiff. *See* July 30, 2012 Correspondence, attached hereto as Exhibit "A."

18. Brachfeld received Plaintiff's cease and desist letter on August 3, 2012 at 4:04 P.M. *See* USPS Delivery Confirmation, attached hereto as Exhibit "B."

19. Despite Plaintiff's cease and desist demand, in connection with the collection of the Debt, Brachfeld, itself and on behalf of LVNV, placed calls to Plaintiff's residence, including, but not limited to, on August 4, 2012 at 8:38 P.M., August 6, 2012 at 1:46 P.M., and August 7, 2012 at 11:26 A.M.

20. By continuing to place phone calls after receiving Plaintiff's cease and desist demand, Brachfeld placed the above-mentioned phone calls with the intent to harass a person at the called number.

## CLAIMS

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692c(a)(1)
### BRACHFELD

21. Plaintiff repeats and re-alleges each and every allegation above.

22. Brachfeld violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Brachfeld violated 15 U.S.C. § 1692c(a)(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692c(a)(1)
### LVNV

23.     Plaintiff repeats and re-alleges each and every allegation above.

24.     Brachfeld violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

25.     LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Brachfeld, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that LVNV violated 15 U.S.C. § 1692c(a)(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692c(c)
### BRACHFELD

26. Plaintiff repeats and re-alleges each and every allegation above.

27. Brachfeld violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Brachfeld violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692c(c)
### LVNV

28. Plaintiff repeats and re-alleges each and every allegation above.

29. Brachfeld violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts.

30. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Brachfeld, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692d
## BRACHFELD

31. Plaintiff repeats and re-alleges each and every allegation above.

32. Brachfeld violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Brachfeld violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692d
## LVNV

33. Plaintiff repeats and re-alleges each and every allegation above.

34. Brachfeld violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

35. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Brachfeld, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby demands a trial by jury.

Dated this ___ of March, 2012.    Respectfully submitted,

By: _____
JD Haas, Esq.
**LAW OFFICES OF JD HAAS**
Attorneys for Plaintiff
10564 France Avenue South
Bloomington, MN 55431
Telephone:   (952) 345-1025
Facsimile:    (952) 854-1665
Email: JDHAAS@ATTORNEYSFORCONSUMERS.COM

*Co-counsel with* **WEISBERG & MEYERS, LLC**

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@ATTORNEYSFORCONSUMERS.COM